

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN



U.S. District Court
Wisconsin Eastern

MAY 17 2023

FILED
Clerk of Court

JOSEPH J. YEOMAN,
                Plaintiff

v.

COUNTY OF RACINE WISCONSIN,
SHERIFF DEPUTY JON FRY,
SHERIFF DEPUTY WILLIAM EMBREY,
SHERIFF DEPUTY JOHN DOE,
SHERIFF DEPUTY JOHN DOE,
RACINE COUNTY ASSISTANT DISTRICT
ATTORNEY ANTOINETTE L. RICH,
                Defendants.

Case No.  23-CV-188 JPS
Hon. J. P. Stadtmueler

**AMENDED COMPLAINT**
**42 U.S.C.A. §1983**

Plaintiff Joseph J. Yeoman, hereby amends this suit pursuant to the Courts Order to amend this complaint to state a claim against each listed defendant pursuant to Title 42 U.S.C.A.§1983 of the United States Code, herein, makes claim that the above-named defendants, acting under pretense and color of statute, ordinance, regulation, custom, or usage subjected the plaintiff to a deprivation of his Constitutional rights, privileges, or immunities secured by U.S. Const. IV, V,VI, VIII, and XIV; Wis. Const. Art.1 Sect.'s 1, 2, 8, 9, 11; and Chapter 968 Wis. Stats., respectively and, to wit:

I.     That the commencement and prosecution of a criminal case brought forth against him was the product of compelled, unwarned, and intentionally solicited official law enforcement affidavits and false testimony unlawfully presented by the defendants.

II.    Plaintiff claims that by and through the defendants' warrantless search and seizure of his property for purposes of initiating an unlawful criminal action against him.

III.   Plaintiff claims defendants executed the warrantless and unlawful search and seizure and subsequent unlawful incarceration of the Plaintiff, absent requisite probable cause.

IV.   Plaintiff claims a violation on grounds that defendants engaged in assault, excessive force and the inducement of fraud upon the court for purposes of effecting the plaintiff's restraint, and his subsequent loss of life, liberty, and property the following acts and omissions directly and indirectly caused cruel and unusual punishment, exercised under the guise of a legitimate state interest and legal process.

# I. INTRODCTION

1.    The claim herein is supported by the factual averments of the plaintiff which affirmatively states that Attorney Antoinette Rich, Sgt. Jon Fry, Deputy William Embrey, and two John Doe affiliate officers by their acts and omissions intentionally deprived him of his Constitutional rights. It is also claimed that such deprivations have caused injury to the plaintiff physically, financially, emotionally, and socially. This civil action pursuant to 42 U.S.C.A. §1983 is brought against the defendants entitled above for purposes of addressing the multiple acts, errors, and omissions of the defendants' occurring in between August 3, 2016 through December 10, 2021 in Racine County Circuit Court.

2.    The Plaintiff asserts his civil claim on grounds that Racine County Circuit Court's ruling in case no. 16-CF-1206, ordered January 12th 2017 on an evidence hearing held November 14th 2016, stands in material conflict with controlling precedent. This case was decided by and through the application of controlling State and Federal law as-applied to three categories of warrantless searches: (1) search incident to arrest, (2) the automobile exception, and (3) the community caretaker exception. The plaintiff contends that according to State and Federal precedent, none of the listed exceptions to the warrant requirement applied and therefore, all evidence "allegedly" found is in violation of the plaintiff's constitutional rights and required suppression 6 plus years ago.

3.    Specifically, the plaintiff states that on or about August 3-4, 2016, in the State of Wisconsin, County of Racine he was assaulted, arrested, and had his property unlawfully searched and seized by Jon Fry and William Embrey. Fry and Embrey employed by Racine County Sheriff's Office (RCSO) also submitted falsified police affidavit contrary to testimony

given November 14, 2016 at a suppression of evidence hearing held before the Hon. Emily S. Mueller. At the evidence hearing held on November 14th 2016, defendant Rich, failed to establish the search was justified under either the "automobile" or "search incident to arrest" exceptions, as argued by the state, nor that the contents should have been admitted under the "inevitable discovery doctrine".

4. Fry, Embrey, and Rich worked in conjunction with two officers employed by its Drug/Narcotics Task Force Unit captioned John Doe above. The various divisions of local government located in Racine County recklessly induced coerced statements from Stephan Eary taken several days after the initial car accident by means of intimidation. This narrative miss-lead the Racine County Trial court by false accusation, omission, and mistake of fact. The continued adjudication integrity was based sole on the false statements induced long after the unlawful search and seizure of the plaintiffs legally parked vehicle. Investigatory and prosecutorial misconduct contributed to the wrongful incarceration of the Plaintiff in Racine County Jail from August 3rd 2016 through April 14th 2017 approximately 245 days in case no. 16-CF-1206. Racine County Law enforcement also placed mug shots all over the internet harming the plaintiff's reputation, and otherwise damaged plaintiff's person by defamation.

5. December 10th 2021, after five plus years of litigation in a subsequent suppression of evidence hearing held in Racine County Circuit Court before Hon. Judge Timothy D. Boyle in case no. 16-CF-1206, the district attorney submitted a motion to dismiss that resulted in the acquittal of all charges on the grounds that the evidence was somehow "lost". The Racine County A.D.A. Attorney Antoinette L. Rich abandoned the case the same day of the second evidence hearing held for reconsideration.

## II. PARTIES

### Plaintiff:

6.    Joseph J. Yeoman, D.O.C. #387733 is the plaintiff in this case and is currently housed at Redgranite Correctional Institution P.O. Box 925, Redgranite, WI. 54970-0925.

### Defendants:

7.    The County of Racine Wisconsin, address at 730 Wisconsin Ave, Racine, WI. 53403 is sued in its official and individual capacity as all actors are employed defendants of Racine County, acting under pretense and color of statute, ordinance, regulation, custom, usage, policy, and law.

8.    Racine County Sheriff Deputy Sgt. Jon Fry, address at 717 Wisconsin Ave. Racine, WI. 53403 and is sued in his individual capacity as he was acting under color of law.

9.    Racine County Sheriff Deputy William Embrey, address at 717 Wisconsin Ave. Racine, WI. 53403 and is sued in his individual capacity as he was acting under color of law.

10.    Racine County Sheriff's Drug/Narcotic Task Force agent/officer JOHN DOE, address at 717 Wisconsin Ave. Racine, WI. 53403 and is sued in his individual capacity as he was acting under color of law.

11.    Racine County Sheriff's Drug/Narcotic Task Force agent/officer JOHN DOE, address at 717 Wisconsin Ave. Racine, WI. 53403 and is sued in his individual capacity as he was acting under color of law.

12.    Racine County Assistant District Attorney Antoinette L. Rich, address at 730 Wisconsin Ave, Racine, WI. 53403 and is sued in his individual capacity as he was acting under color of law.

## III. JURISDICTION AND VENUE

13.     Venue is proper before the United States District Court for the Eastern District, all acts and omissions described in this Complaint took place in the State of Wisconsin. The United States District Court also retains subject matter jurisdiction over State claims because the claims relate to the same transactions, occurrences and activities supporting the Federal Civil Rights violations.

14.     The United States District Court for the Eastern District of Wisconsin has original jurisdiction over plaintiff's claims of violation of Federal Constitutional Rights under 42 U.S.C.A. § 1331.

15.     The United States District Court for the Eastern District of Wisconsin has original jurisdiction over plaintiff's claims of violation of federal constitutional rights   under 42 U.S.C.A. §1343(a)(3).

16.     The United States District Court for the Eastern District of Wisconsin has supplemental jurisdiction over plaintiff's Wisconsin state law tort claims under 28 U.S.C.A. §1367.

## IV.  EXHAUSTION OF ADMINISTRATIVE REQUIREMENTS

17.     Plaintiff has complied with all prerequisite conditions to bring an action under Federal law, including but not limited to, cooperating with any and all legitimate demands and requests made by Racine County Sheriff's office and all their representatives and/or agencies pertaining to issues related to this current complaint.

18.     Joseph J. Yeoman adequately served a State of Wisconsin Notice of Injury and Claim pursuant to Wis. Stat. § 893.82 upon the Attorney General by certified mail within 120 days of

the event-giving rise to the claim (i.e. Dismissal/ Acquittal of all charges 12/10/2021) for ongoing injury, continuous damage, and loss of property at 114 East, State Capitol, Madison, Wisconsin 53707-7857.

## V. STATEMENT OF THE CLAIM

**Defendants Jon Fry & William Embrey's Civil Violations pursuant to U.S. Const. IV, V, VI, VIII, and XIV; Wis. Const. Art. §§ 1, 2, 8, 9, 11; Chapter 968 Wis. Stats..**

19.    On August 3rd 2016, I was in the passenger seat when an accident occurred in Racine County, the Township of Yorkville. While my vehicle was being driven by another person it was struck from behind on a local Highway damaging the left side back hatch door. The vehicle that struck my maroon 2002 Pontiac Montana minivan (Wis. license Plate no. 259-YJH) from behind was a blue Dodge Ram SUV of an unknown year. The driver of that vehicle was a Caucasian male in his late forty's. The passenger was a Caucasian female in her mid-thirty's. Stephan Eary the driver of my minivan was a Native American male in his early thirties. The impact from behind forced the minivan to crash into the median at 60 miles an hour, damaging the front end left quarter panel of the minivan as it crashed. The Impact into the median shredded the left tire. For safety purposes Stephan Eary (the driver) got off at the closest possible exit (*See Joseph Yeoman's Declaration In Support Of Amended Complaint 42 U.S.C.A §1983*)

1.    After the accident, Eary pulled into Kwik Trip gas station and parked the minivan. Both occupants of the Blue Dodge SUV also pulled into the Kwik trip parking lot after the incident. I stepped out of the passenger seat of the vehicle and proceeded to approach the man who struck my minivan. I asked if he was alright, then asked the driver if he had a license and insurance. The man replied that the vehicle did not belong to him, and that he did not have a driver's

license. I walked inside the Kwik Trip gas station and asked the clerk to call the police. When I returned to the vehicle Eary fled the scene of the incident. I approached the vehicle opening the driver side door to the minivan and saw Eary left the keys to the minivan on the passenger seat. I retrieved the keys from the passenger seat shut and locked the doors of the minivan. I then waited outside the vehicle for police to arrive.

2.     As the unnamed driver who struck my minivan exited the Kwik Trip store a Racine County Sheriff squad pulled into the Kwik Trip parking lot and defendant Racine County Sheriff Fry stepped out of the vehicle. Fry proceeded to walk between me and the driver who struck my vehicle from behind. Fry asked me if the van belonged to me, to this questioned I answered "yes". I then pointed to the man who struck my minivan, and briefly stating --"that is the man who hit me."

3.     Absent of any investigation by defendant Fry, and without warning, just as I pointed at the assailant who struck the minivan, Sgt. Fry grabs me by the right arm and twists it behind my back. Seconds later, Fry then throws me to the ground on the hard surface face first, causing severe pain in my face and head causing bruising and laceration.

4.     Defendant Fry physically assaulted me, by throwing me down to the hard ground in the Kwik trip parking lot. During the arrest Fry punched and elbowed me in the head over 30 times, while Fry explicitly screamed profanity and racial slurs. This included Anti-Semitic comments such as "sand nigger" and "towel head". While detaining me Fry spit on my head as he kneeled on my neck restricting my breathing. I struggled to say "please" and "I can't breathe" while being asphyxiated by defendant Fry.

5.     While laying on my stomach, face first on the ground--completely cuffed on both hands

Fry continued to beat me even as the second sheriff showed up. Deputy Defendant William Embrey, watched as Sgt. Fry continued to assault me. For no particular reason Embrey held a Taser to my head and threatened to shoot, while yelling the words "I will shoot you nigger" over and over in repetition. Fry struck me several more times in the head without cause. At no time did I resist or struggle with either defendants.

6. Both defendants' Fry and Embrey preformed a cursory search of me. Fry recovered my minivan van keys, my wallet containing a valid driver's license, and a necklace. "No contraband was found on me during the search." I was then placed in the back of a squad car for over of 90 minutes **while law enforcement used the keys to unlock and illegally search and seize my legally parked vehicle and its compartments without my consent or a search warrant.**

7. It should be noted that the person who caused the accident was allowed to escape the scene of the incident (Kwik Trip parking lot) by Fry, and to this day no one knows who they were. This point in fact is documented circuit court record and police reports.

8. On 08/04/16 (between the hours of 2:00-4:00 AM), Fry transported me to the hospital where I was illegally and physically forced to submit to a blood draw. This event took place hours after the warrantless search of my minivan. After the unconsented blood draw, in the hospital parking lot, Defendant Fry aggressively beat me a second time while I was cuffed after being placed in the back seat of the squad car, Defendant Fry repeatedly struck me in the back of the head with a blunt object until I was unconscious.

9. While unconscious, I was taken to Racine County Jail where I was cavity searched, fingerprinted, and left on the floor of observation cell unconscious for days. I was refused medical Treatment for weeks after the incident. The booking photo shows the bruising and cuts

on me and that I was completely unconscious during the booking process.

10.     During the execution of the warrantless search by Fry and Embrey of my legally parked and locked vehicle. Unknown Racine County law enforcement officers seized numerous items that went undocumented or cataloged and no receipt was given to me. Many of these items were family heirlooms. These items were my deceased grandmothers gold necklace, a platinum and diamond bracelet, a diamond faceted men's engagement ring, CDs and DVDs, two lab top computers, a video recorder, construction and other power tools, vacation photographs of my autistic child, tax papers, personal documents, birth certificates, social security card, and other items of a highly personal and confidential nature that could not reasonably be considered within the scope of the warrantless search or that would aid in any police investigation.

11.     The warrantless search of my closed and legally parked vehicle was executed after a car accident while I was in the back of a police squad car. The RCSO used numerous squad cars during the search, about 7 to 10 Sheriff Deputies were present to execute and participated in the warrantless search. No audio or video of the search or arrest exists within the record. There were numerous discrepancies in the submitted police affidavits, including mischaracterizations, exaggerations, omissions, and fabrications that could not have been unintentional.

12.     Defendant Fry falsified police reports and wrongfully issued several citations including a DUI as cover charges with the intent to disguise their own misconduct. The record is completely devoid of any criminal activity, no Indicia of impairment or field sobriety test; in fact, I was never witnessed driving the vehicle. I was located outside of the vehicle when law enforcement arrived on scene. I had a reasonable expectation of privacy in my parked vehicle and its respective compartments, the automobile exception, and the inevitable discovery doctrine did not

apply. The evidence "allegedly" discovered during the unlawful search of the vehicle and glove compartment fall under the dicta of the "exclusionary rule".

13.     Jon Fry days before the evidence hearing held on November 14th 2016; visited me at the Racine County Jail (in between the hours 3-4 am) to deliver blood draw test results in person. He attempted to intimidate me with verbal threats of further isolation in segregation confinement and physical abuse. During the suppression hearing November 14th 2016, testimony by the officers revealed I would have still had the option of denying consent, and could have declined to have the car and contents transported with me. However, there is nothing to established within the record the officers in question asked for consent to search my legally parked vehicle and its contents, nor what would of happen to the vehicle if it hadn't already been searched i.e., after being placed into a patrol car, someone could have picked it up from the Kwik Trip Gas Station parking spot for me, or I could had the car towed to my home.

14.     I was the victim of a car accident and a passenger in my own vehicle, not a perpetrator. I alerted the gas station clerk to the incident, I never admitted to driving the vehicle as a matter of record. I was never actually stopped by police. Deputies William Embrey and Jon fry claimed they were investigating a "hit and run", yet neither officer investigated the scene of the incident, allowing the person who caused the accident to get away—this is all documented fact in the record submitted by the officers themselves. Both officers presented false testimony November 14th 2016 committing perjury in violation of Wisconsin Stat.'s §§§ 946.31, 946.32, and 322.131 Article 131—Perjury: **Any person** who in a judicial proceeding or in a course of justice willfully and corruptly does any of the following shall be punished as a court-martial may direct: (1) Upon a lawful oath or in any form allowed by law to be substituted for an oath, gives any false testimony material to the issue or matter of inquiry. (2) In any declaration, certificate,

verification, or statement under penalty of perjury as permitted under 28 USC 1746, subscribes any false statement material to the issue or matter of inquiry and Wisconsin Statute §946.31.

**Defendant A.D. A. Antoinette L. Rich's Civil Violations pursuant to U.S. Const. IV, V, VI, VIII, and XIV; Wis. Const. Art. §§ 1, 2, 8, 9, 11; Chapter 968 Wis. Stats..**

15.   PLEASE TAKE NOTICE, this claim is for malicious prosecution resulting in wrongful imprisonment/incarceration/detainment due to Racine County A.D.A. Antoinette Rich knowingly presenting false police reports and false evidence submitted by Defendants' Fry and Embrey therefore exploiting an unlawful search & seizure of my vehicle as a disregard and/or wholesale misapplication of the law.

16.   Defendant Rich instituted criminal proceedings against me for an improper purpose and without probable cause. I take the position that when viewed under the totality of the circumstances, the claim presented by the Racine County District Attorney's Office asserting an exception to the warrant requirement in case no. 16-CF-1206 is untenable as a matter of law. The states claim amounts to a manifest constitutional error in complete disregard for controlling law.   Extensive amounts of credible evidence exist within the record. On August 3rd, 2016 until December 10th, 2021 I underwent 5 plus years of vexing litigation, and 245 days of wrongful incarceration that have not been accounted for by Racine County prosecutor. I was illegally charged under false pretenses. Police misconduct lead to my vehicle being unlawfully searched and seized causing wrongfully incarceration in Racine County Jail for allegedly violating Wis. Stat §961.41(1m)(cm)3(a) Possess w/Intent Cocaine (<15-40) [961.48(1)(1)(a) Second or Subsequent Offence], (b) Possess Firearm-Convicted of a Felony 942.29(1m)(a) the bail was set in this matter at $25,000.00 dollars.

17.     On August 5th 2016, Racine County District Attorney Rich filed a criminal complaint case no. 2016CF001206 against me in the Circuit Court Of Racine County.

18.     From August 3rd 2016 until April 14th, 2017 I was illegally arrested unprovoked, denied affordable bail, and wrongfully incarcerated in Racine County Jail for 245 days. I was implicated by Defendant Rich who lied to the court about the evidence against me. The Circuit Court Judge Emily S. Mueller abused her discretion January 12th 2017 failing to protect my Constitutional Rights guaranteed to me under the 4th, 5th, 6th, 8th, and 14th Amendments to the United States Const., and W.S.A. Const. Art. 1, sections 1, 2, 8, 9, and 11; Chapter 968 Wis. Stats.

19.     I also filed a collateral estoppel 08/16/2021 titled Memorandum of Law in support of Constitutional Challenge/Motion to declare Wis. Stat. § 961.48(1)(a) Unconstitutional, this was a double jeopardy challenge that went unheard by the Circuit Court of Racine County.

20.     I filed a subsequent motion to suppress all the evidence on 06/25/2021 and an Affidavit in Support of Motion to Reconsider on 06/18/2021. This motion was set to be heard 12/10/2021; I alone filed the Motion for Reconsider, Motion for Stand-By Counsel, and a Motion for Emergency Hearing, because my useless trial counsel refused to after several documented requests. Moments before the start of the hearing A.D.A. Rich filed a Motion to Dismissal/Acquittal informing my attorney and the trial court the state had no evidence against me.

21.     Due to the Defendant Rich's false charges I have suffered irreparable harm and extensive injury in the form of defamation to my reputation, caused by the false charges implicating me as a drug dealer. The undue prejudice was a damaging stigma implemented by RCSO and the district attorney's office. They published my mug shot on their website, along with over one

hundred other individuals who had been arrested. Within one day of the my arrest, numerous online entities scraped the data from the site and republished my mug shot, personal information, and arrest details on websites indexed by Google and other search engines. There was also a published an article in a local Racine Newspaper highlighting the incident.

22.    While prosecutor Rich has immunity from prosecution for her criminal acts, the County of Racine who employees her is not immune from Civil liability. There are limitations on a public official's qualified and/or absolute immunity in an individual capacity, I ask that Defendant Rich face civil liability for her willful acts of discretion that violated my well established rights. Rich's false charges illegally imprisoned me for 245 days due to malicious prosecution and various forms of prosecutorial misconduct in violation of my Civil Rights under the United States Constitution and the State of Wisconsin Constitution.

23.    Rich knew that both Sheriff Deputy's assaulted me, and performed an illegal blood draw without my consent long after they performed a unlawful search and seizure. Defendant Rich knew I was denied medical treatment after being beaten by Fry in the Kwik Trip parking lot, and in the back of Fry's squad car at the hospital. Defendant Antoinette L. Rich was also aware the charges were false lacking the necessary probable cause to proceed, yet Ms. Rich continued this malicious prosecution regardless of controlling precedent, the law, or basic decency.

**Defendants' JOHN DOE & JOHN DOE'S Civil Violation pursuant to to U.S. Const. IV, V, VI, VIII, and XIV; Wis. Const. Art. §§ 1, 2, 8, 9, 11; Chapter 968 Wis. Stats..**

24.    On or about two weeks after the unlawful search and seizure of my vehicle on August 3-4, 2016 two Drug Task Force Officers employed by RCSO captioned John Doe above, encouraged Stephan Eary to provide a false statement implicating me as the driver of the vehicle

under the threat of criminal charges.

25.     This coerced information regarding me induced an improper apparatus for defendant Antoinette L Rich to maliciously prosecute me. Point in fact, the entire series of events not only included Stephan Eary, but were committed by Eary. As a matter of record, defendant Rich was aware that evidence found on Stephan Eary's person in a subsequent search at Racine County Jail (RCJ)—linked Eary to the illegally obtained evidence "allegedly" found in my glove compartment during the unlawful search and seizure (later claimed lost by the RCSO).

26.     Stephan Eary was arrested attempting to flee the scene of the incident (Kwik Trip). After Eary was apprehended, while being searched at RCJ—Correctional Officers found a knife and a bullet in his pocket. This material issue of fact and physical evidence presently stands as suppressed exculpatory evidence in violation of my Constitutional Rights.

27.     Stephan Eary's statement implicated that I brought these investigative items from home. This false inference is not only improbable, it rivals the facts of the case, I literally met Stephan Eary less than 24 hours prior to the car accident. I was in the process of moving prior to the incident and was simply allowing Stephan Eary to give a mutual friend, we both happen to know by the name of Gregory Thompson a ride to work in Chicago. Gregory Thompson is a material witness that Stephan Eary was the one driving the minivan that day.

28.     Defendant Rich and both John Doe's improperly characterized me, undermining the administration of justice by hiding evidence that would prove my innocence. Stephan Eary was wanted on charges in at least one other criminal case that involved a warrant and prior criminal activity. At the time of the car accident I had no warrants, a valid driver's license, and I was not on probation or any other type of government supervision.

29. This contrivance by officials was calculated to induce charges against me, obstructing my place of employment, home, and family. Both defendants' John Doe conducted a delayed custodial interrogation of Stephan Eary, this unsubstantiated statement was coerced to facilitate incriminating proceedings against me.

30. Stephan Eary's statement revealed certain evidentiary factors of forensic evidence favorable to my actual innocence. During this interview with said John Doe officer's, Eary was asked if they were to DNA test and fingerprint the evidence found in the my glove compartment would they find Eary's DNA or prints belonging to Eary on the illegally obtained evidence -- to this question Stephan Eary answered "yes". Improper under the circumstances Eary, the culprit, and the specific person of interest was then released from RCSO custody.

31. The actions of Jon Fry, Embrey, Antoinette L. Rich, and two John Doe agents/officers since August 3rd 2016 to the present day were taken in violation the 4th, 5th, 6th, 8th, and 14th Amendments to the United States Const., and W.S.A. Const. Art. 1, sections 1, 2, 8, 9, and 11; Chapter 968 Wis. Stats.

## CONCLUSION:

32. At bottom, I was thrown to the pavement and assaulted by Defendant Fry, while Defendant Embrey watched the entire incident and failed to intervene. I was then placed in the back of a squad car in excess of about 90 minutes, and I was never asked about any medical or mental health condition. At no time during the encounter did police solicit any information regarding the use of illicit or prescription drugs. No medical assistance (EMT) was requested to the scene by police, nor was any proactive or remedial measures undertaken to address the claimed observations of impairment or medical distress. That said, Defendant Antoinette Rich

maliciously submitted a baseless claim of impairment as its justification to garner a "community caretaker" designation from the Racine County Trial Court.

33. In testimony presented to the Racine County Circuit Court, the Hon. Emily S. Mueller presiding, both deputies testified that when they seize a vehicle, they conduct a warrantless "inventory" search absent probable cause or a factual basis to assert the "community caretaker," or any other exception, to the warrant requirement of the Fourth Amendment.

34. My legally protected interests were violated in the result of no evidence as follows: 1) I was detained without probable cause; 2) my vehicle and its inner compartments was unlawfully searched and seized without probable cause; 3) my person was searched without probable cause; 4) I was arrested without probable cause; 4) I was falsely imprisoned and/or wrongfully Incarcerated for 245 days without probable cause; 5) officer Fry used excessive force on me without probable cause.

35. Police took the time to secure a warrant for a blood draw, but insist they couldn't wait to enter the vehicle to pursue a "community caretaker" role ostensibly to assist an individual who was never assisted. Fry and Embrey then walk into a courtroom, parrot "supplied" word-tracks in hopes of establishing a legal justification for their misconduct.

36. Also significant in this case is the fact that I was not under arrest or under suspicion for "OWI" when deputies undertook the contested search of the vehicle. If police had that in mind, the record fails to support that they were acting on that belief when they undertook the contested search.

37. The record does establish that the deputy in charge of the investigation, defendant Jon Fry, testified that he was… "*investigating a hit-and-run accident*" and that "*We would have*

*impounded the vehicle*."... I am no lawyer, nor do I claim to know everything but any reasonable American should know that, **There is no such thing as a constitutional "pre-impoundment search" of a vehicle.** Either a search constitutes a recognized exception to the warrant requirement, or it does not. The Racine County Sheriff's Office is not empowered to legislate its own legal exception to that rule.

38.    This complaint is in support of monetary compensation for long standing and continued damages for malicious prosecution—as cited, no exception exists relevant to the warrant requirement for searching an automobile under the facts and circumstances of this case. As a matter of law, controlling precedent mandates the search, seizure, and evidence derived thereof be deemed a violation of clearly established law.

39.    My substantial loss of my time, opportunities, pleasures, or efforts are very real. The defendants' have caused extensive life disruption in my past, present, and evitable future. This life disruption ended my small business and my continued education at the University of Wisconsin Milwaukee. I missed school, family vacations, and family visits. My injuries are painful and traumatic -- due to the defendants' actions I have involuntarily missed important and personally meaningful events. The defendants' caused the destabilization of my everyday life and years of lost income opportunities.

40.    I can prove to a jury by the preponderance of evidence that the defendant Jon Fry and William Embrey preformed an unlawful searched and seizure of my vehicle, seized significant not catalogued property that had nothing to do with any of the charges. I was then falsely imprisoned for approximately 245 days unaccounted for in which I now seek Just compensation.

Sgt. Jon fry beat me up and illegally seized my blood without consent, issued falsified police reports, and also denied me medical treatment after a subsequent beating.

41. I have endured an immense degree of pain and suffering caused by all defendants captioned above ranging from two extremes of physical and emotional distress -- in which I lost life, liberty and property. I now suffers from anxiety, depression, and post-traumatic stress disorder – the time wrongfully incarcerated on account of all defendants heightened this condition. The excessive force reinjured my back and caused serious head injury. The injuries committed by Jon fry left long lasting and permanent effect. I continue to suffer from pain, immobility, seizures, and discomfort.

42. A reasonable jury would find that all defendants violated my civil rights as follows: 1) I was assaulted and wrongfully imprisoned for false charges. 2) The false charges were garnered sole for legal cover for a preemptive unlawful search and seizure. 3) After the unlawful search and seizure I was then forced to submit to an illegal blood draw. 4) Lastly, during this incarceration I was denied medical treatment.

## VI. FEDERAL CIVIL COUNTS AND STATE LAW CLAIMS

43. The claim herein posits that Racine County officials, in the State of Wisconsin property damage resulting from the seizure in violation of the 4th Amendment. In conjunction with the defendants unlawful search and seizure fraudulent investigation, and arrest of the plaintiff, detention, malicious prosecution, and incarceration are correlating State law claims in violation of cruel and unusual punishment, procedural due process, and substantive rights guaranteed to plaintiff by U.S. Const. 5th, 6th ,8th, and 14th Amendemts; Wis. Const. Art.1 Sections 1, 2, 8, 9,

11; W.S.A. sections 134.01, 811.21, 844.01, 893.51, 893.53, 893.57, 895.043, 995.50 and Chapter 968 ; Cognizable under 42 U.S.C.A. § 1983.

## Count I. Unlawful Search and Seizure, Cognizable under Wisconsin State Law, and U.S. Const. Amend. 4, 5, 6, 8, 14; 42 U.S.C.A. § 1983:

44. Plaintiff re-alleges all prior paragraphs as if set forth in full. For his cause of action against Defendants in COUNT I:

45. **W.S.A. §968.07** States in relative Part: (1) A law enforcement officer may arrest a person when: (a) The law enforcement officer has a warrant commanding that such person be arrested; or (b) The law enforcement officer believes, on reasonable grounds, that a warrant for the person's arrest has been issued in this state; or (c) The law enforcement officer believes, on reasonable grounds, that a felony warrant for the person's arrest has been issued in another state; or (d) There are reasonable grounds to believe that the person is committing or has committed a crime.

46. **W.S.A §968.11** States in relative Part: When a lawful arrest is made, a law enforcement officer may reasonably search the person arrested and an area within such person's immediate presence for the purpose of: (1) Protecting the officer from attack; (2) Preventing the person from escaping; (3) Discovering and seizing the fruits of the crime; or (4) Discovering and seizing any instruments, articles or things which may have been used in the commission of, or which may constitute evidence of, the offense.

**Count II. Malicious Prosecution, Cognizable under Wisconsin State Law, and U.S. Const. Amend. 4, 5, 6, 8, 14; 42 U.S.C.A. § 1983:**

47.    Plaintiff re-alleges all prior paragraphs as if set forth in full. For his cause of action against defendants in COUNT II:

48.    **W.S.A. §895.057** in relative part; Any judicial officer who causes to be brought in a court over which the judicial officer presides any action or proceeding upon a claim placed in the judicial officer's hands as agent or attorney for collection shall be liable in a civil action to the person against whom such action or proceeding was brought for the full amount of damages and costs recovered on such claim.

**Count III. Abuse of Process, Cognizable under Wisconsin State Law, and U.S. Const. Amend. 4, 5, 6, 8, 14; 42 U.S.C.A. § 1983:**

49.    Plaintiff re-alleges all prior paragraphs as if set forth in full. For his cause of action against defendants in COUNT III:

**Count IV. Negligence Resulting In Wrongful Incarceration and Continued Detention, Cognizable under Wisconsin State Law, and U.S. Const. Amend. 4, 5, 6, 8, 14; 42 U.S.C.A. § 1983:**

50.    Plaintiff re-alleges all prior paragraphs as if set forth in full. For his cause of action against defendants in COUNT IV:

**Count V. False Imprisonment & False arrest, Cognizable under Wisconsin State Law, and U.S. Const. Amend. 4, 5, 6, 8, 14; 42 U.S.C.A. § 1983:**

51.  Plaintiff re-alleges all prior paragraphs as if set forth in full. For his cause of action against defendants in COUNT V:

**Count VI. Battery, Substantial battery, Aggravated Battery, Cognizable under Wisconsin State Law, and U.S. Const. Amend. 4, 5, 6, 8, 14; 42 U.S.C.A. § 1983:**

52.  Plaintiff re-alleges all prior paragraphs as if set forth in full. For his cause of action against defendants in COUNT VI:

**Count VII. Conspiracy To Violate Plaintiff's Civil Rights By Defendants, Cognizable under Wisconsin State Law, and U.S. Const. Amend. 4, 5, 6, 8, 14; 42 U.S.C.A. § 1983:**

53.  Plaintiff re-alleges all prior paragraphs as if set forth in full. For his cause of action against defendants in COUNT VII:

**Count VIII. Restitution, Cognizable under Wisconsin State Law and U.S. Const. Amend. 4, 5, 6, 8, 14; 42 U.S.C.A. § 1983:**

54.  Plaintiff re-alleges all prior paragraphs as if set forth in full. For his cause of action against Defendants in COUNT VIII:

55.  **W.S.A. §811.21** States in Relative part; If the defendant prevails in the action or if the action be discontinued the damages sustained by the defendant by reason of the taking and detention or sale of any property attached by reason of any injury thereto shall be assessed and the defendant shall have judgment therefor.

56.  **W.S.A. §844.01** States in Relative part; (1) Any person owning or claiming an interest in real property may bring an action claiming physical injury to, or interference with, the property or the person's interest therein; the action may be to redress past injury, to restrain further injury, to abate the source of injury, or for other appropriate relief. (2) Physical injury includes unprivileged intrusions and encroachments; the injury may be surface, subsurface or suprasurface; the injury may arise from activities on the plaintiff's property, or from activities outside the plaintiff's property which affect plaintiff's property. (3) Interference with an interest is any activity other than physical injury which lessens the possibility of use or enjoyment of the interest. (4) The lessening of a security interest without physical injury is not actionable unless such lessening constitutes waste.

## Count IX. Invasion of Privacy, Cognizable under Wisconsin State Law, and U.S. Const. Amend. 4, 5, 6, 8, 14; 42 U.S.C.A. § 1983:

57.  Plaintiff re-alleges all prior paragraphs as if set forth in full. For his cause of action against defendants in COUNT IX:

58.  (RCSO) published the plaintiff's mug shot on their website, in one day, numerous online entities scraped the data from the site and republished Yeoman's mug shot, personal information, and arrest details on websites indexed by Google and other search engines. The photos used were coupled with personal data, including the plaintiff's full name, height, weight, and birthdate. The RCSO website has no disclaimer stating the photos are of individuals who have not yet been convicted, nor are presumed innocent until proven guilty. This act by the RCSO was an "unwarranted invasion of privacy" committed by local county law enforcement with callous disregard spawning online harassment and embarrassment in perpetuity.

59. RCSO directly and indirectly gave an array of dark web companies' unparalleled access to Joseph Yeoman's confidential information. RCSO gave unauthorized access of the plaintiff's census record, social security number, tax records, birth marriage and death records of relatives, police records, medical histories, school records, motor vehicle registrations and licenses, insurance applications, credit applications, and other bank and financial institution records to a multitude of cyber criminals.

60. **W.S.A. §995.50** States in Relative part; (1) The right of privacy is recognized in this state. One whose privacy is unreasonably invaded is entitled to the following relief: (a) Equitable relief to prevent and restrain such invasion, excluding prior restraint against constitutionally protected communication privately and through the public media; (b) Compensatory damages based either on plaintiff's loss or defendant's unjust enrichment; and (c) A reasonable amount for attorney fees.

## Count X. Defamation, Cognizable under Wisconsin State Law, and U.S. Const. Amend. 4, 5, 6, 8, 14; 42 U.S.C.A. § 1983:

61. Plaintiff re-alleges all prior paragraphs as if set forth in full. For his cause of action against defendants in COUNT X:

## Count XI. Defamation/Express Malice, Cognizable under Wisconsin State Law, and U.S. Const. Amend. 4, 5, 6, 8, 14; 42 U.S.C.A. § 1983:

62. Plaintiff re-alleges all prior paragraphs as if set forth in full. For his cause of action against Defendants in COUNT XI:

## Count XII. Intentional Infliction of Physical Distress, Cognizable under Wisconsin State

Case 2:23-cv-00188-JPS    Filed 05/17/23    Page 23 of 26    Document 10

Law, and U.S. Const. Amend. 4, 5, 6, 8, 14; 42 U.S.C.A. § 1983:

63.  Plaintiff re-alleges all prior paragraphs as if set forth in full. For his cause of action against Defendants in COUNT XII:

## Count XIII. Intentional Infliction of Emotional Distress, Cognizable under Wisconsin State Law, and U.S. Const. Amend. 4, 5, 6, 8, 14; 42 U.S.C.A. § 1983:

64.  Plaintiff re-alleges all prior paragraphs as if set forth in full. For his cause of action against Defendants in COUNT XIII.

## Count XIV. Civil Conspiracy, Cognizable under Wisconsin State Law, and U.S. Const. Amend. 4, 5, 6, 8, 14; 42 U.S.C.A. § 1983:

65.  Plaintiff re-alleges all prior paragraphs as if set forth in full. For his cause of action against Defendants in COUNT XIV:

66.  **W.S.A.134.01** The plaintiff puts forth a civil conspiracy claim Pursuant to Wis. Stat.134.01 plaintiff asserts that; (1) the defendants acted together; (2) with a common purpose to injure the plaintiff's reputation or business; (3) with malice; and (4) the plaintiff suffered financial harm..

## Count XV. Failure to Intervene, Cognizable under Wisconsin State Law, and U.S. Const. Amend. 4, 5, 6, 8, 14; 42 U.S.C.A. § 1983:

67.  Plaintiff re-alleges all prior paragraphs as if set forth in full. For his cause of action against defendants in COUNT XV.

## Count XVI. Excessive Force, Cognizable under Wisconsin State Law, and U.S. Const.

**Amend. 4, 5, 6, 8, 14; 42 U.S.C.A. § 1983:**

68.   Plaintiff re-alleges all prior paragraphs as if set forth in full. For his cause of action against Defendants in COUNT XVI.

**Count XVII. Perjury, Subornation of Perjury, and False Swearing, Cognizable under Wisconsin State Law, and U.S. Const. Amend. 4, 5, 6, 8, 14; 42 U.S.C.A. § 1983:**

69.   Plaintiff re-alleges all prior paragraphs as if set forth in full. For his cause of action against Defendants in COUNT XVII:

### VII. DAMAGES AND JURY DEMAND

70.   I Joseph Yeoman, the Plaintiff in this matter, move for Declaratory Judgment against all Defendants jointly and severally, both for compensatory and punitive damages for injury, lost property, lost wages, pain and suffering, all costs of this action, all attorney's fees, and any such other relief as the court deems fair and appropriate under the circumstances but not limited to the following requests:

I.   I request a finding that defendants violated the my Federal Civil Rights and also violated State laws protecting my rights, and that all rights and remedies be afforded to me the plaintiff under both Federal and State law;

II.   I request that each defendant be liable for their own misconduct in the amount of $2,000,000.00 dollars individually—in the total amount of $12,000,000.00.

III.   I request that each defendant be liable for the lost and/or stolen property and unlawfully searched and seized in the amount of $50,000.00 total.

IV.   That each defendant be liable for lost wages over the past 6 years in the amount to be determined by a jury and any other damages the Jury believes is warranted.

**WHEREFORE**, I Joseph J. Yeoman the plaintiff, by and through his under signed counsel, affirmatively states and declares under penalty of perjury in accord with Title 18 U.S.C.A. §§§ 1621, 1622, 1623, Wis. Stat. §§ 946.31 and 946.32 et Seq., that the foregoing statement provided in the submitted Complaint are true and correct.

Dated and signed this 12th day of May 2023.

Respectfully Submitted,

Joseph J. Yeoman #387733
Redgranite Correctional Institution
P.O. Box 925
1006 County Rd. EE
Redgranite, WI. 54970-0925

State of Wisconsin
County of Waushara
Subscribed and sworn to me this 23
12 day of May
Kristin M. Stumpner
Notary Public
EXPIRATION DATE 11|7|2026

KRISTIN M. STUMPNER
NOTARY
PUBLIC
STATE OF WISCONSIN