UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOSEPH J. YEOMAN,

          Plaintiff,

v.

JON FRY, WILLIAM EMBREY, JOHN
DOE, JOHN DOE 1, RACINE COUNTY,
RACINE COUNTY SHERIFF'S OFFICE,
TOWNSHIP OF YORKVILLE,
and
CHRISTOPHER SCHMALING,

          Defendants.

Case No. 23-CV-188-JPS

---

## DISPUTED PROPOSED FINDINGS OF FACT

---

**NOW COME** Defendants Jon Fry, William Embrey, Racine County, and Sheriff Christopher Schmaling, by and through their attorneys, Meissner Tierney Fisher & Nichols, S.C., by Jacob A. Sosnay, and as and for their Disputed Proposed Findings of Fact:

### DISPUTED PROPOSED FINDINGS OF FACT

1. On August 3, 2016, Racine County responded to two 911 calls concerning a hit and run reported on northbound/westbound I-94 involving a red or maroon minivan just south of the Highway 20 exit. (Declaration of Jon Fry, Ex. A, Fry Report at p. 4) (hereafter "Fry Dec.").

    a. Plaintiff disputes this fact because he has never seen a dispatch log archiving the fact the calls were made.

2. According to the incident report of one of the responding officers, Sergeant Jon Fry, witness Jennifer Link advised that she observed a maroon minivan strike the median wall on I-94, continue north and further impact another vehicle before exiting at Highway 20. (*Id.*).

    a. Plaintiff disputes this fact because he believes there is no record of the call or follow-up with Ms. Link.

3. Witness Sara Lucht advised that her vehicle was struck by a red minivan that then proceeded north to exit at State Highway 20. (*Id.;* Declaration of Sara Lucht).

    a. Plaintiff disputes this fact because no photos of Ms. Lucht's vehicle have been produced in discovery even though Dep. Bryan Schmidt's report reflects he took photographs of her vehicle. (Declaration of Bryan Schmidt, Ex. A, Schmidt report). *See also* photos of Plaintiff's vehicle, which Plaintiff contends demonstrates his vehicle was impacted from behind. (Declaration of Jacob A. Sosnay, Ex. A, Plaintiff's Photos) (hereafter "Sosnay Dec.").

4. Upon locating Plaintiff in the Kwik Trip parking lot, Sgt. Fry observed Plaintiff to be sweaty, very animated and agitated. Plaintiff was observed to be barefoot, talking very loudly claiming someone was following him, pacing back and forth with wide eyes and slurred speech. (Fry Dec, Ex. A, at p. 4; Sosnay Dec., Ex. B - Nov. 16 Hearing Transcript at 10:6-12:22).

    a. Plaintiff cited Sgt. Fry's report as his own evidence, pointing out that the report indicated he was handcuffed and brought to the ground and stating the other assertions are false.

5. Based on Sgt. Fry's observations he believed Plaintiff to be under the influence of an illegal drug because Plaintiff did not have any odor of intoxicants on his breath. (Fry Dec., Ex. A, at pp. 4-5; Sosnay Dec., Ex. B at 12:12-15).

a. Plaintiff's disputes the foregoing citing Sgt. Fry's report, specifically pointing to the portion of the report that reflects he was handcuffed and thrown to the ground. He contends the observations are false. In addition, Plaintiff cites transcript testimony from the officers during a hearing on a motion to suppress in his criminal case. (Sosnay Dec, Ex. B, Transcript, at pp. 1-56) which has several parts he contends are incongruent with the report.

6. Sgt. Fry's observations were similar to those of Dep. Embrey and Dep. Burke's, another responding officer. (Declaration of Lieutenant, Ex. 3, Embrey Report; Declaration of Kevin Burke, Ex. A, Burke Report).

a. Plaintiff contends the observations are false.

7. Plaintiff was arrested at the Kwik Trip on suspicion of hit and run. He was later also charged with being a felon in possession of a firearm. (Fry Dec., Ex. A at p. 2; Sosnay Dec., Ex. B at 15:17-22).

a. Plaintiff contends he was not driving and therefore could not have been involved in a hit and run and subsequent crimes.

8. Plaintiff challenged the issue of probable cause, but Plaintiff's motions were denied, and probable cause was found by the Racine County Court. (Sosnay Dec, Ex. C, January 12, 2017, hearing transcript at 5:24-10:14).

9. After a November 2016 hearing in which they testified to their observations, Sgt. Fry and Dep. Embry had no further involvement with the prosecution against Plaintiff. (Fry Dec; Declaration of Lieutenant, Ex. 3, Embrey Report).

a. Plaintiff disputes this fact because while the Officers may not have been directly involved, the testimony they provided caused the prosecution to continue.

3

10. Racine County has procedures in place meant to assist with constitutional issues. (Declaration of Lieutenant Ex. 2, Policies and Procedures).

11. Neither Sgt. Fry nor Dep. Embrey have ever faced disciplinary action for violent behavior. (Declaration of Lieutenant, Ex. 1, Disciplinary Reports).

Dated this 29th day of September 2025.

                **MEISSNER TIERNEY FISHER & NICHOLS, S.C.**

                By: *Electronically signed by Jacob A. Sosnay*
                      Jacob A. Sosnay
                      State Bar No. 1063964
                      jas@mtfn.com
                      Alyssa Chojnacki Beckham
                      State Bar No. 1124669
                      acb@mtfn.com
                      **Attorneys for Defendants Jon Fry, William Embrey, Racine County and Sheriff Schmaling**

**Mailing Address**
111 East Kilbourn Avenue, 19th Floor
Milwaukee, WI 53202-6622
Phone: (414) 273-1300
Facsimile: (414) 273-5840