Associated Bank River Center
111 East Kilbourn Avenue, 19th Floor
Milwaukee, WI 53202-6622

Mtfn.com
Main 414.273.1300
FAX 414.273.5840



**ATTORNEY**
Jacob A Sosnay
jas@mtfn.com

January 14, 2026

<u>**VIA E-FILING**</u>
Judge J.P. Stadtmueller
Untied State Courthouse Room 471
517 East Wisconsin Ave
Milwaukee, WI 53202

      Re:    *Joseph J. Yeoman v. Jon Fry et al*
                Case No. 23-CV-188-JPS

Dear Judge Stadtmueller:

    This office represents the named Defendants in the above-referenced lawsuit. Please accept this letter as their request the Court enter judgment in their favor.

    On September 29, 2025, Defendants filed a motion for summary judgment consistent with this court's procedure regarding the same. (ECF Nos. 81-90.) On October 25, 2025, Plaintiff filed a motion seeking an extension to his deadline to respond to Defendants' motion. (ECF No. 92.) In support Plaintiff relied on the delay in receiving Defendants motion through the mail, the volume of materials presented in support of the motion and his limited law library time at Redgranite Correctional Institution. (ECF No. 92, pp. 1-2.) On October 29, 2025, the court granted Plaintiff's motion extending his deadline to December 1, 2025. (ECF No. 93.)

    Despite his limited law library time, just more than a week later, on November 7, 2025, Plaintiff filed a motion for summary judgment and to strike Defendants' motion for summary judgment based on a misunderstanding of applicable law and procedure. (ECF No. 94.) Defendants responded in opposition to that motion on November 12, 2025 (ECF Nos. 96-99.)

    On November 24, 2025, Plaintiff filed a motion to extend his deadline to "file final opposition brief to reply to Defendants' response in opposition." (ECF No. 101, p. 1.) It appeared Plaintiff was seeking additional time to reply to his motion (ECF No. 94) because he noted an additional 200 pages of material submitted by Defendants in opposition to that motion together with his ongoing difficulty

#8803641 v1

obtaining law library time and the delays associated with U.S. Mail. (*Id.* at 1-2.) Plaintiff elaborated he needed the time to "file his final opposition brief, so that he may adequately reply to the defendants' brief in opposition." (*Id.* at 2.) On November 26, 2025, the court granted Plaintiff's motion and ordered a final, unalterable deadline for Plaintiff to respond in opposition to Defendants' summary judgment motion of December 29, 2025. (ECF No. 102.)

On December 8, 2025, Plaintiff filed a reply in support of his November 7 motion for summary judgment and to strike. (ECF No. 103.) That is, despite having just argued he needed for more time given the voluminous materials submitted in opposition to *his motions*, in just 13 days Plaintiff reviewed those materials, obtained sufficient law library time and had them on file with the Court.

On December 29, 2025, Plaintiff filed a motion to stay the case dated December 22, 2025. (ECF No. 104.) In that motion Plaintiff argued a stay was appropriate because the court needed to first decide *his motion* because "the decision could change the fundamental outcome of plaintiff's or defendants' position." (*Id.* at 1.) Nowhere in the motion did Plaintiff indicate that, despite his belief the court's decision would alter how he would oppose Defendants' motion, he had nevertheless prepared an opposition brief he intended to mail for filing by the second-extended deadline in case the court denied his motion to stay.

Alongside the motion to stay, Plaintiff filed a declaration of Gregory Thompson. (ECF No. 105.) That declaration had nothing to do with the motion to stay and has little, if any, relevance to Defendants' motion for summary judgment. At best, it demonstrates Plaintiff was not driving his red minivan when he left Navy Pier in Chicago hours before the events from which this lawsuit arose. Ultimately, the declaration is immaterial in that, even if it established Plaintiff was not driving the red minivan when it struck another vehicle just south of the Highway 20 exit on northbound Interstate 94 and fled the scene – something Plaintiff can testify to through his own personal knowledge and attestation – Plaintiff's alleged *factual innocence* of the crimes he was suspected of having committed at the time of his arrest does not bear on whether Defendants had probable cause to arrest him. *See e.g. Abbott v. Sangamon County, Ill.*, 705 F.3d 706, 714-15 (7th Cir. 2013) (holding that probable cause for arrest is an objective inquiry based solely on the facts and circumstances known to the officer at the time, evaluated from the perspective of a reasonable officer without hindsight, and depends on probabilities rather than certainties or the arrestee's ultimate factual innocence, allowing room for reasonable mistakes as long as the belief in criminal activity was reasonable under the contemporaneous circumstances). On December 31, 2025, the court denied Plaintiff's motion to stay. (ECF No. 106.)

Although Plaintiff's motion to stay made no mention of opposition materials relative to Defendants' summary judgment motion, Plaintiff claims he timely

prepared and mailed such materials to the Court. In the two weeks since the deadline, Plaintiff's mother called the clerk to claim the same on his behalf. (01/06/26 Docket Annotation.) As well, Plaintiff re-filed the Thompson declaration (ECF No. 107) and two separate letters. (ECF Nos. 108 and 110.)

The first letter, filed on January 7, 2026 with postage dated December 30, 2025 (ECF No. 108-1), enclosed a USB drive purporting to be "Exhibit #16 in support of Joseph Yeoman's opposition in Case No. 23-CV-188-JPS." (ECF No. 108.) The letter requested the USB drive be filed "accordingly as documents may be sent separately." (*Id.*) The second letter, dated January 6, 2026 and filed January 12, 2026, notes the USB drive was sent separately from 19 other exhibits Plaintiff "placed in the mailbox on December 29, 2025[,]" together with his brief in opposition to Defendant's summary judgment motion. (ECF No. 110.) As of this writing, Defendants have not received copies of what Plaintiff claims he mailed on December 29, 2025, despite the court having received a USB drive, duplicate declaration and two letters all mailed *after* that time.

Which is all to say, it is unclear whether Plaintiff prepared and mailed opposition materials consistent with the final deadline set by the court despite ample additional time to so do. Defendants request the court decide their motion using the stipulated and undisputed facts in a light most favorable to Plaintiff without regard to any additional materials that may trickle into the clerk's office from Plaintiff. "[S]ummary judgment is 'the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events.'" *Bennett v. Sobek*, 336 F. Supp. 3d 933, 939 (E.D. Wis. 2018), quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005). Plaintiff failed to dispute Defendants' motion and supporting materials: He has not "put up."

The undisputed facts demonstrate Defendants' had probable cause to arrest him on August 3, 2016. Two independent 911 calls advised a red minivan had struck a car and the median on northbound Interstate 94 just south of the Highway 20 exit before the red minivan fled the scene and exited at Highway 20. Defendants, responding to those 911 calls, discovered Plaintiff alongside in a gas station parking lot just off the Highway 20 exit outside a red minivan he admitted was his and that had obviously just been in an accident. The responding deputies observed Plaintiff to be barefoot, erratic, incomprehensible and likely under the influence of street drugs. That Plaintiff may have denied guilt at the time and even accused bystanders of wrongdoing who were coincidentally also located at the gas station is of no moment. The deputies were not required to determine Plaintiff's guilt beyond reasonable doubt. One can take for granted criminal suspects often lie. But, more importantly, to the extent Plaintiff claimed some other vehicle struck his and that same vehicle happened to be in the gas station parking lot, "It was that guy! He hit me," the deputies knew the red minivan had just struck a car that *was still* in the

shoulder on Interstate 94. While it is certainly possible, although exceedingly improbable, two hit and runs involving a red minivan happened at the same time in the same place, the deputies nevertheless, based on the totality of the circumstances, could reasonably have believed Plaintiff had just committed one of them. That alone is sufficient to justify probable cause. Coupled with Plaintiff's apparent degree of intoxication, the facts available clearly demonstrated their actions were lawful.

Although Defendants would object to the court accepting opposition materials from Plaintiff filed after his second extended deadline, Defendants appreciate that decision is well within the court's discretion. In the event the court exercises discretion to permit additional filings in opposition to their motion, the Defendants request the opportunity to file a sur-reply to address those filings.

Thank you for your attention to this matter. Should you have any questions, please do not hesitate to contact me.

Very truly yours,

Jacob A. Sosnay

cc: Joeseph J. Yeoman (Via U.S. Mail)

CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2026 I electronically filed the letter above with the Court via the CM/ECF filing system.

I further certify that on January 14, 2026, I caused the same to be served on *pro se* Plaintiff, Jospeh Yeoman via first-class U.S. Mail, postage fully paid, at:

Joseph J. Yeoman
#387733
Redgranite Correctional Institution
P.O. Box 925
County Road EE
Redgranite, WI 54970

Dated this 14th day of January, 2026.

**MEISSNER TIERNEY FISHER & NICHOLS, S.C.**

 /s/ Jacob A. Sosnay