# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOSEPH J. YEOMAN,

Plaintiff,

v.

Case No. 23-CV-188-JPS

JON FRY, WILLIAM EMBREY,
RACINE COUNTY, and
CHRISTOPHER SCHMALING,

**ORDER**

Defendants.

Plaintiff Joseph J. Yeoman ("Plaintiff"), an inmate confined at Oakhill Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 alleging that various defendants violated his constitutional rights. ECF No. 1. On January 28, 2025, the Court screened Plaintiff's second amended complaint and allowed it to proceed on the following four claims: (1) Fourth Amendment malicious prosecution claim against Defendants Jon Fry ("Fry"), William Embrey ("Embrey"), and John Doe defendants ("Does"); (2) Wisconsin state-law claim for malicious prosecution against Fry, Embrey, and Does; (3) a *Monell* claim against Racine County; and (4) a negligent supervision state-law claim against Defendant Christopher Schmaling ("Schmaling"). ECF No. 51 at 12. On September 25, 2025, the Court dismissed the Does for Plaintiff's failure to comply with a court order. ECF No. 80. Now pending before the Court is Defendants' motion for summary judgment seeking dismissal of all claims, ECF No. 81, and Plaintiff's motion to grant summary judgment and motion to strike for failure to disclose, ECF No. 94.

The motions are now fully briefed and ready for disposition. ECF Nos. 82, 95, 96, 103, 111, 117, 127. The Court notes that Plaintiff's summary judgment opposition materials were all filed extremely late (after multiple extensions), and the Court could have discounted Plaintiff's untimely filings and considered Defendants' motion for summary judgment based on their filings alone. However, the Court has considered the untimely filings in light of the factual issues related to Plaintiff's mailings, as well as the fact that the Court prefers to address cases on the merits. Defendants were provided an opportunity to reply to Plaintiff's filings and, aside from the time preparing the reply materials, are not prejudiced by the late filings. For the reasons described in detail below, the Court will grant Defendants' motion for summary judgment as to the federal and state-law malicious prosecution claims and *Monell* claim; declines to exercise supplemental jurisdiction over the state-law negligent supervision claim; and will dismiss this action accordingly.

## 1.      MOTION TO STRIKE

Prior to addressing the motion for summary judgment, the Court will first address the issue of Plaintiff's motion to strike. Plaintiff seeks summary judgment on the basis that Defendants' summary judgment submissions do not comply with Federal Rule of Civil Procedure 56 and because Defendants failed to disclose an expert witness. ECF No. 94. Plaintiff takes issue with Defendants' motion for summary judgment; however, he fails to take into account the Court's own summary judgment protocols and how they have altered Rule 56's requirements in some circumstances. Plaintiff also accuses Defendants of submitting joint facts that he never agreed to. *Id*. Defendants respond that they met with Plaintiff

on three separate occasions to work on the joint facts and the record shows that they were extremely accommodating to Plaintiff as a pro se party and his need for additional time to review proposed facts. ECF No. 96.

As discussed below in the factual background section, the Court considers some of Plaintiff's proposed disputed facts that were filed after Defendants' facts and takes all facts in the light most favorable to Plaintiff as the non-moving party. As such, even assuming Plaintiff's version of events that Defendants submitted joint facts without his permission (which the Court sincerely doubts given Defendants' declarations and supporting documents), Plaintiff was not prejudiced by Defendants' proposed facts. Plaintiff has had more than ample opportunity to provide his side of the story in this case, and the Court will therefore deny Plaintiff's motion to strike on this basis.

Next, the Court easily disposes of Plaintiff's argument related to the failure to disclose an expert witness. Plaintiff believes Defendants failed to disclose Lieutenant Luell as an expert during discovery. Lieutenant Luell, however, is not an expert witness in this case. Defendants used Lieutenant Luell in this case only as a records custodian to provide routine documents; he is not offered to provide any expert opinion. Further, Plaintiff has made no argument how he has been prejudiced in any way from the failure to disclose the name of a records custodian. As such, the Court will deny Plaintiff's motion to strike in its entirety. The Court now turns to the main issue to consider Defendants' motion for summary judgment.

## 2. LEGAL STANDARD – SUMMARY JUDGMENT

Under Federal Rule of Civil Procedure 56, the "court shall grant summary judgment if the movant shows that there is no genuine dispute as

to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016). A fact is "material" if it "might affect the outcome of the suit" under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The Court construes all facts and reasonable inferences in a light most favorable to the nonmovant. *Bridge v. New Holland Logansport, Inc.*, 815 F.3d 356, 360 (7th Cir. 2016). In assessing the parties' proposed facts, the Court must not weigh the evidence or determine witness credibility; the Seventh Circuit instructs that "we leave those tasks to factfinders." *Berry v. Chi. Transit Auth.*, 618 F.3d 688, 691 (7th Cir. 2010).

## 3. FACTUAL BACKGROUND

### 3.1 The Parties' Factual Submissions

Along with their motion and in accordance with the scheduling order, Defendants submitted proposed stipulated findings of fact, ECF No. 84, and disputed proposed facts, ECF No. 83. Plaintiff's responses are convoluted and were filed over the course of months in the forms of letters, exhibits, and then later his own response to the disputed facts. *See* ECF Nos. 107, 108, 110, 112, 113, 116, 122. Plaintiff's opposition to Defendants' proposed disputed facts does not individually address the disputed facts and instead argues boilerplate objections that essentially refer the Court back to review his oppositional materials generally.

Plaintiff's response to the disputed facts, ECF No. 116, was filed in contravention to the Court's summary judgment procedures. The scheduling order provides specific protocols for summary judgment in this

branch of the court. The order requires that the parties must meet and confer at least forty-five days prior to filing a motion for summary judgment and to create a single, agreed-upon statement of facts. ECF No. 57 at 2–4. In line with this District's Local Rules, the scheduling order also permitted the parties to "*jointly* submit a single, itemized statement of disputed facts, written in list form, which is to be filed by the movant at the time the motion is due." *Id.* at 4 (emphasis added); *see also* Civ. L.R. 56(b)(1)(C). "Each itemized, disputed fact should be supported by *each party's* separate pinpoint citation(s) to the record." ECF No. 57 at 4–5 (emphasis added). The Court explains that "[p]reparation of this list does not mean that either party concedes that any itemized disputed fact is material or genuinely disputed." *Id.* at 5.

Following Plaintiff's filing, Defendants sought to strike Plaintiff's untimely filings that did not comply with the summary judgment protocols. ECF No. 120. The Court denied Defendants' motion in regard to the timeliness of Plaintiff's filings issue and allowed Defendants the opportunity to file a reply. ECF No. 125. The Court granted Defendants' motion in part, however, and explained that it would disregard Plaintiff's filings that were not filed in compliance with the summary judgment procedures.

The Court took great care when creating its summary judgment procedures in order to ensure that precious judicial resources are preserved. Every litigant is certainly entitled to his or her day in court; they are not entitled, however, to disregard Court orders and to take an unfair share of judicial resources. In this instance, Plaintiff has failed to comply with the Court's summary judgment requirements regarding factual

submissions and instead seeks for the Court to wade through the morass of filings in this case. The Court declines to do so. The Court will therefore disregard Plaintiff's factual submissions not filed in compliance with the summary judgment protocols. The Court understands, however, that Plaintiff contends that Defendants' joint stipulated facts were filed without his agreement. *See* ECF No. 94. As such, the Court has reviewed Plaintiff's submitted evidence, including his declaration, in an effort to discern whether any material facts are genuinely disputed. *See* Fed. R. Civ. P. 56(c)(3) (a court may consider non-cited materials in the record). Again, Plaintiff has had an opportunity to tell his version of the facts. As such, the Court takes the following facts from the parties' proposed statements of facts, except where explicitly noted, and includes any disputed facts in the light most favorable to Plaintiff, as the non-moving party.

### 3.2 Material Facts

On August 3, 2016, at about 11:35 p.m., Plaintiff's minivan was involved in a collision on westbound/northbound I-94, just south of the Highway 20 exit in Racine County, Wisconsin. Plaintiff denies he was driving the minivan at the time. Plaintiff claims a man named Stephen Eary was driving. Plaintiff claims his vehicle was struck from behind by a blue truck driven by a male, also containing a female passenger. Plaintiff claims he then saw the blue truck in the parking lot at Kwik Trip gas station, which both cars happened to pull into following the accident.

Racine County responded to two 911 calls concerning a hit and run reported on northbound/westbound I-94 involving a red or maroon

minivan just south of the Highway 20 exit.[1] According to Fry's incident report, witness Jennifer Link advised that she observed a maroon minivan strike the median wall on I-94, continue north and further impact another vehicle before exiting at Highway 20. Witness Sara Lucht advised that her vehicle was struck by a red minivan that then proceeded north to exit at State Highway 20.

A Kwik Trip gas station is located just east of the I-94 exit at Highway 20. While investigating the reports from witnesses Jennifer Link and Sara Lucht, Fry pulled into the Kwik Trip parking lot where he observed Plaintiff outside of a red minivan near the driver's side door in a parking spot on the south side of the Kwik Trip building. When Fry approached, Plaintiff stated "I didn't do anything." Plaintiff further contends he was merely trying to explain the situation. Plaintiff claims he told the officers he had been hit by the blue car/truck, but that the officers ignored him. Fry asked Plaintiff if the red minivan was Plaintiff's and Plaintiff advised it was. Fry observed Plaintiff to be sweaty, very animated, and agitated. Fry also observed Plaintiff to be barefoot, talking very loudly claiming someone was following him, and pacing back and forth with wide eyes and slurred speech. Plaintiff maintains that Fry's observations were false. Plaintiff's own version of the story describes that he was "upset and in a state of extreme anxiety and duress brought on by the accident…." Pl. Decl., ECF No. 117-2 at 2. Based on Fry's observations, he believed Plaintiff to be under

---

[1]Plaintiff attempts to dispute this fact because he has never seen a dispatch log archiving the fact that calls were made. Plaintiff's assertion fails to properly address the Defendants' assertion of fact as required by Rule 56(c), as do most of Plaintiff's suggested disputes to Defendants' facts. As such, the Court considers these facts as undisputed for the purposes of summary judgment. *See* Fed. R. Civ. P. 56(e)(2).

the influence of an illegal drug because Plaintiff did not have any order of intoxicants on his breath. Embrey and another officer, Deputy Burke, made similar observations of Plaintiff. Plaintiff maintains these observations were false.

Plaintiff was arrested on suspicion of operating while intoxicated and hit and run. He was also later charged with being a felon in possession of a firearm and possession of cocaine with intent to deliver. ECF No. 117-3 at 168–69 (criminal complaint). After the arrest, Plaintiff moved to suppress evidence seized during a search of his minivan and challenged the search of his vehicle. Plaintiff also challenged the existence of probable cause for his arrest. At a November 2016 hearing on those motions, Fry and Embrey testified regarding their observations. Plaintiff's defense attorney in that case had the ability to cross-examine Fry and Embrey. Plaintiff's motion to suppress was denied on January 12, 2017. The state court found probable cause for Plaintiff's arrest.

After the November 2016 hearing in which they testified to their observations, Fry and Embrey had no further involvement with the prosecution against Plaintiff. Racine County has procedures in place meant to assist with constitutional issues. Neither Fry nor Embrey has ever faced disciplinary action for violent behavior.

Plaintiff jumped bail and approximately two years later, when he was arrested on unrelated charges, the prosecution related to the incident in this case resumed. After resumption, Plaintiff filed a motion to reconsider the motions noted above, which the court was scheduled to hear. However, that hearing never occurred and the case was dismissed on October 12,

2021, on the motion of the Racine County prosecutor, because evidence that had been gathered during the investigation was lost.

Plaintiff later attempted to recover his bail money, but that request was denied. He then appealed that decision, as well as the decision on his motion to suppress and for lack of probable cause to arrest. After being granted seven extensions to file his appeal materials, the Court of Appeals denied Plaintiff's eighth request for an extension and his appeal was dismissed.

## 4.    ANALYSIS

Defendants bring a motion for summary judgment seeking dismissal of all federal and state claims. ECF No. 82. Defendants recognize that some material issues of fact exist; however, Defendants argue that they are entitled to judgment as a matter of law when taking the facts in the light most favorable to Plaintiff. Based on the Court's review of the parties' submissions, and for the reasons explained below, the Court will grant Defendants' motion for summary judgment on the federal claims and state-law malicious prosecution claim, will decline to exercise supplemental jurisdiction over the state-law negligent supervision claim, and will dismiss this case.

Prior to beginning its analysis, however, the Court finds it helpful to highlight what this case is *not* about since Plaintiff continues to muddy the waters in his filings. This case is not about Defendants' alleged use of excessive force during the arrest, any subsequent failure to provide Plaintiff with adequate medical care, or any illegal searches of his car. The Court initially allowed additional claims related to his arrest to proceed in the first screening order. ECF No. 15. Following the filing of a motion to dismiss and

amended complaints, the Court noted in a subsequent screening order that Plaintiff clearly did not reassert these claims in the second amended complaint, as they were likely barred by the statute of limitations. ECF No. 51 at 8 n.1. These additional claims therefore did not proceed. The Court does not consider Plaintiff's facts and arguments related to these claims as it is not relevant to the claims currently at issue in this case. Additionally, this case is *not* about whether Plaintiff was guilty or innocent of the crimes he was charged with related to this case. Plaintiff strongly maintains his innocence and focuses on the fact that he was not driving throughout his argument. It is undisputed that certain related criminal charges against Plaintiff were later dismissed. This case instead focuses on the separate question discussed of whether the record supports a finding against Defendants for malicious prosecution. The Court now turns to address each claim at issue.

### 4.1    Malicious Prosecution

Plaintiff proceeds on a federal malicious prosecution claim. In *Manuel v. City of Joliet*, 580 U.S. 357 (2017), the Supreme Court clarified that "detention without probable cause violates the Fourth Amendment 'when it precedes, but also when it follows, the start of legal process in a criminal case.'" *Lewis v. City of Chicago*, 914 F.3d 472, 474 (7th Cir. 2019) (quoting *Manuel*, 580 U.S. at 358); *see also Kuri v. City of Chicago*, 990 F.3d 573, 575 (7th Cir. 2021) ("*Manuel* held that the Fourth Amendment supplies the basis for a [wrongful-detention] claim until the suspect is either convicted or acquitted."). More recently, the Supreme Court held in *Thompson v. Clark*, 596 U.S. 36 (2022), that a Fourth Amendment malicious prosecution claim "does not require the plaintiff to show that the criminal prosecution ended

with some affirmative indication of innocence." *Id.* at 49. Instead, "[a] plaintiff need only show that the criminal prosecution ended without a conviction." *Id.* Following *Thompson,* the Seventh Circuit considered a federal malicious prosecution claim in a case where the district court had previously analyzed it only under Wisconsin law. *See Evans v. Matson*, No. 23-2954, 2024 WL 2206638, at *2 (7th Cir. May 16, 2024). It clarified that a Fourth Amendment malicious prosecution claim arises if a criminal prosecution "(1) was instituted without probable cause; (2) for a 'malicious' motive—a purpose other than bringing the defendant to justice; and (3) 'ended without a conviction.'" *Id.* (quoting *Thompson*, 596 U.S. at 44, 49).

Probable cause exists if the "totality of the facts and circumstances known to the officer at the time of the arrest would warrant a reasonable, prudent person in believing that the arrestee had committed, was committing, or was about to commit a crime." *Pryor v. Corrigan*, 124 F.4th 475, 486 (7th Cir. 2024) (quoting *Abbott v. Sangamon County*, 705 F.3d 706, 714 (7th Cir. 2013)). It does not require "evidence sufficient to support a conviction, nor even a showing that the officer's belief is more likely true than false." *Woods v. City of Chicago*, 234 F.3d 979, 996 (7th Cir. 2000). The Seventh Circuit has "consistently held that an identification or a report from a single, credible victim or eyewitness can provide the basis for probable cause." *Id.*

Defendants argue that they are entitled to summary judgment because the officers had probable cause to arrest Plaintiff for the hit and run accident. ECF No. 82 at 4. The Court takes the light in the most favorable view to Plaintiff for the purposes of this Order, and therefore assumes Plaintiff was not driving his vehicle and that his vehicle did not commit the

hit and run. However, the record shows that Defendants, who were called upon to investigate the accident, had no reason to know this based on the undisputed evidence known to them at the time. Plaintiff told Defendants he had not done anything wrong but, of course, police officers are not required to believe a suspect who protests his or her guilt. In this instance, two separate witnesses reported that a vehicle resembling Plaintiff's had committed a hit and run on the freeway. Nothing in the record indicates Defendants had any reason to disbelieve those calls. Plaintiff was located at the gas station in the near vicinity of the accident and admitted to owning the visibly damaged vehicle. Upon arrival, Defendants observed Plaintiff's behavior that he himself described as upset and in a state of extreme anxiety and duress. Based on these circumstances, a reasonable officer could easily have believed Plaintiff committed the hit and run.

Plaintiff argues that Defendants were wrong to suspect him because he pointed out the driver responsible for the accident to the officers at the gas station. But while the other driver could have committed the hit and run, the possibility of an alternative suspect did not make it unreasonable for Defendants to arrest Plaintiff based on the totality of evidence known to them at the time. *See, e.g.*, *Gutierrez v. Kermon*, 722 F.3d 1003, 1008 (7th Cir. 2013). Once officers have assembled sufficient information to establish probable cause, they are not required to continue searching for additional evidence. *Driebel v. City of Milwaukee*, 298 F.3d 622, 643–44 (7th Cir. 2002). The Court finds that no reasonable juror could conclude from the record that the totality of the circumstances was insufficient to lead Defendants to

entertain an honest and sound suspicion that Plaintiff committed the hit and run.[2]

Finally, the Court addresses a wrinkle in the arguments presented. Plaintiff argues there was no probable cause to arrest him for the hit and run. Nothing in the record, however, indicates that Plaintiff was later criminally charged for a hit and run or detained on that basis.[3] A "Fourth Amendment malicious-prosecution suit depends not just on an unsupported charge, but on that charge's causing a seizure...." *Chiaverini v. City of Napoleon, Ohio*, 602 U.S. 556, 564 (2024). As previously mentioned, this is not a claim for Plaintiff's false arrest because he did not timely bring that claim. Instead, it is about whether a criminal prosecution that caused Plaintiff's detention was instituted without probable cause.

As indicated above, Plaintiff was later criminally charged for possession of cocaine and being in possession of a gun as a felon. *See* ECF No. 117-3 at 168–69. Plaintiff has never alleged there was no probable cause to bring these charges; indeed, the record clearly shows that Defendants

---

[2]Defendants also argue that Plaintiff cannot overcome the presumption of validity that comes with a judicial determination of probable cause. ECF No. 82 at 8 (citing *Washington v. City of Chicago*, 98 F.4th 860 (7th Cir. 2024). The Court agrees that Plaintiff has not presented evidence that Defendants knowingly or intentionally or with reckless disregard for the truth made false statements to the judge in the criminal case. However, the Court need not elaborate on this theory because Defendants are entitled to summary judgment based on the Court's finding of probable cause.

[3]Public records indicate that Plaintiff was charged with traffic citations related to this incident and that default was entered for Plaintiff's non-appearance in those cases. *See, e.g., Racine County v Jospeh Yeoman*, Racine County Case No. 2016TR019820, Wisconsin. Circuit Court Access, https://wcca.wicourts.gov/caseDetail.html?caseNo=2016TR019820&countyNo=51 &index=0&mode=details (last visited on Mar. 30, 2026).

located the gun and cocaine upon searching Plaintiff's car. *See id*. And, whether or not the search of the car was lawful is immaterial to the question of whether probable cause existed for the criminal charges. Regardless of whether Defendants had probable cause to search Plaintiff's car in the first place, once they discovered the cocaine, they had probable cause to arrest Plaintiff, which dooms his § 1983 claim. *See McWilliams v. City of Chicago*, 451 F. Supp. 3d 867, 878–79 (N.D. Ill. 2020) (legality of initial search immaterial to probable cause determination after illegal brass knuckles found), *aff'd,* No. 20-1770, 2022 WL 135428 (7th Cir. Jan. 14, 2022); *Martin v. Marinez,* 934 F.3d 594, 599 (7th Cir. 2019). ("[T]he fact that the evidence was the fruit of an illegal detention does not make it any less relevant to establishing probable cause for the arrest because the exclusionary rule does not apply in a civil suit under § 1983 against police officers."); *see also Hicks v. Cook Cnty. Sheriff's Office*, No. 15 C 6852, 2020 WL 1322844, at *9 (N.D. Ill. Mar. 19, 2020) (even though the officers may not have had probable cause to initiate the traffic stop, the officers had probable cause to arrest the plaintiff after he told them that he did not have a valid driver's license). As such, the Court is satisfied that probable cause existed for these additional charges as well. No plausible reading of the record in this case establishes that Defendants maliciously prosecuted Plaintiff for any charge.

In sum, the Court finds that no reasonable juror could find that Defendants arrested or charged Plaintiff without probable cause. The Court will accordingly grant Defendants' motion for summary judgment on the federal Fourth Amendment malicious prosecution claim.

Next, the Court briefly addresses the state-law malicious prosecution claim that fails for the same reasons articulated above.

Establishing malicious prosecution under Wisconsin law requires proof of six elements: (1) there must have been a prior institution or continuation of some regular judicial proceedings against the plaintiff in this action for malicious prosecution; (2) such former proceedings must have been by, or at the instance of, the defendant in this action for malicious prosecution; (3) the former proceedings must have terminated in favor of the defendant therein, the plaintiff in the action for malicious prosecution; (4) there must have been malice in instituting the former proceedings; (5) there must have been want of probable cause for the institution of the former proceedings; and (6) there must have been injury or damage resulting to the plaintiff from the former proceedings. *Wisconsin Pub. Serv. Corp. v. Andrews*, 2009 WI App 30, ¶ 23, 766 N.W.2d 232, 238. Similar to its analysis for the federal claim, the Court finds that the state-law claim fails for the same reason—probable cause existed. As such, the Court will similarly grant Defendants' motion as to the state-law malicious prosecution claim.

### 4.2 *Monell* Claim

Plaintiff brought a *Monell* claim against Racine County for its alleged unconstitutional practice, custom, or official policy. ECF No. 51 at 11. Based on the Court's analysis above, however, Plaintiff's *Monell* claim must be dismissed because there is no underlying constitutional violation. To be liable for an unconstitutional policy, "[t]he municipal policy or practice must be the 'direct cause' or 'moving force' behind the constitutional violation, which a plaintiff may show directly by demonstrating that the policy is itself unconstitutional." *Minix v. Canarecci*, 597 F.3d 824, 832 (7th Cir. 2010). "[I]f no constitutional violation occurred in the first place, a *Monell* claim cannot be supported." *Petty v. City of Chicago*, 754 F.3d 416, 424

(7th Cir. 2014); *see also Sallenger v. City of Springfield, Ill.*, 630 F.3d 499, 504 (7th Cir. 2010) ("[A] municipality cannot be liable under *Monell* when there is no underlying constitutional violation by a municipal employee."). The Court has already concluded that Plaintiff failed to demonstrate that a constitutional violation occurred. Because Plaintiff has suffered no violation of his rights, there can be no municipal liability. Moreover, the Court notes that Plaintiff has provided no evidence in support of his *Monell* claim other than vague and conclusory statements. Accordingly, the Court will grant Defendants' motion for summary judgment on the *Monell* claim.

### 4.3 State-Law Negligence

As noted above, Plaintiff has alleged a state-law negligent supervision claim against Schmaling, the intricacies of which need not be elaborated on because the Court declines to exercise supplemental jurisdiction over that claim. *See Al's Serv. Ctr. v. BP Prods. N. Am., Inc.*, 599 F.3d 720, 727 (7th Cir. 2010) ("When all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims."). As such, the Court relinquishes jurisdiction over Plaintiff's state-law negligent supervision claim, which will be dismissed without prejudice.

### 5. CONCLUSION

For the reasons explained above, the Court grants Defendants' motion for summary judgment as to the malicious prosecution claims and the *Monell* claim; the Court dismisses these claims with prejudice. Additionally, the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law negligent supervision claim, and thus will dismiss this claim without prejudice.

Accordingly,

**IT IS ORDERED** that Defendants' motion for summary judgment, ECF No. 81, be and the same is hereby **GRANTED** as provided in this order;

**IT IS FURTHER ORDERED** that Plaintiff's motion for order to grant summary judgment and motion to strike for failure to disclose, ECF No. 94, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's federal Fourth Amendment malicious prosecution claim, state-law malicious prosecution claim, and *Monell* claim be and the same are hereby **DISMISSED with prejudice**;

**IT IS FURTHER ORDERED** that the Court, pursuant to 28 U.S.C. § 1367(c), declines to exercise supplemental jurisdiction over Plaintiff's state-law negligent supervision claim, and the state-law negligent supervision claim be and the same is hereby **DISMISSED without prejudice**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 30th day of March, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.