# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOSEPH J. YEOMAN,

          Plaintiff,

v.

JON FRY, WILLIAM EMBREY,
RACINE COUNTY, and
CHRISTOPHER SCHMALING,

          Defendants.

Case No. 23-CV-188-JPS
7th Cir. Case No. 26-1917

**ORDER**

Plaintiff, Joseph J. Yeoman, a prisoner confined at Oakhill Correctional Institution, brought this action under 42 U.S.C. § 1983 pro se. On March 30, 2026, the Court granted Defendants' motion for summary judgment, dismissed the case, and entered judgment accordingly. ECF Nos. 135, 136. On April 27, 2026, Plaintiff filed a notice of appeal. ECF No. 137. Plaintiff later filed two motions to proceed on appeal without prepayment of the filing fee and a motion to pay filing fees from his release account. ECF Nos. 141, 142, 143.

First, the Court will grant Plaintiff's motion to proceed on appeal without prepayment of the filing fee. Plaintiff may not proceed without prepayment of the filing fee on appeal if the Court certifies in writing that the appeal is not taken in "good faith." 28 U.S.C. § 1915(a)(3). To determine whether Plaintiff takes the appeal in "good faith," the Court must determine whether "a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000); *see also Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). An appeal is taken in "good

faith" when it seeks review of an issue that is not clearly frivolous. *Lee*, 209 F.3d at 1026. This is the case when a reasonable person could suppose the issue to have some legal merit. *Id.*

As applied here, the Court finds that Plaintiff may proceed without prepayment of the filing fee. Plaintiff appeals based on his belief that the Court wrongly decided summary judgment based on controlling law. *See* ECF No. 143 at 1. As such, the Court is satisfied that Plaintiff's appeal is taken in good faith, and it will grant his motion to proceed on appeal without prepayment of the filing fee. The Court will deny the duplicative motion to proceed without prepayment of the filing fee as moot.

Second, the Court will assess an initial partial filing fee for Plaintiff's appeal. Under the Prison Litigation Reform Act, the Court must assess an initial partial filing fee of either "the average monthly deposits to the prisoner's account or the average monthly balance in the prisoner's account for the [six]-month period immediately preceding the filing of the complaint or notice of appeal," whichever is greater. 28 U.S.C. § 1915(b)(1). After the initial fee is paid, the plaintiff must make monthly payments of twenty percent of the preceding month's income until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2). "The agency having custody of the prisoner shall forward payments from the prisoner's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fees are paid." *Id.*

Plaintiff filed a certified copy of his prisoner trust account statement for the six-month period immediately preceding the filing of the notice of appeal as required under 28 U.S.C. § 1915(a)(2). ECF No. 145. A review of this information reveals that, for the six-month period immediately preceding the filing of the notice of appeal, the average monthly deposit in

Plaintiff's prison account was $421.82 and the average monthly balance to the account was $28.55. Thus, in accordance with the provisions of 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay an initial partial filing fee of $84.36. Plaintiff shall pay the initial partial filing fee of $84.36 to the Clerk of Court on or before **August 6, 2026**. Failure to pay the initial partial filing fee within the specified time period may result in dismissal of this appeal.

Finally, the Court will grant Plaintiff's motion to allow him to pay the initial partial filing fee from his release account. This Court has the authority to order disbursements from a prisoner's release account for payment of an IPFF. *See, e.g., Doty v. Doyle*, 182 F. Supp. 2d 750, 751 (E.D. Wis. 2002) (noting that "both the Wisconsin Prison Litigation Reform Act…and the federal Prison Litigation Reform Act [("PLRA")]…authorize the courts to order that…a prisoner's release account be made available [to pay an IPFF]"). However, this Court lacks the authority—statutory or otherwise—to order that a prisoner may tap into his release account to pay current (or future) litigation costs. *Cf. Wilson v. Anderson*, No. 14-CV-0798, 2014 WL 3671878, at *3 (E.D. Wis. July 23, 2014) (declining to order that a prisoner's full filing fee be paid from his release account, "[g]iven the [DOC's] rationale for segregating funds into a release account" and the absence of any statutory authority compelling the court to do so).

Permitting a prisoner to invade a release account for litigation costs could harm that prisoner's likelihood of success post-incarceration, *see* Wis. Admin. Code § DOC 309.466 (stating that disbursements from a prisoner's release account are authorized "for purposes that will aid the inmate's reintegration into the community"), especially if the prisoner is particularly litigious. As the Seventh Circuit has instructed, "like any other civil litigant, [a prisoner] must decide which of [his] legal actions is important enough to

fund," *Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003); thus, if a prisoner concludes that "the limitations on his funds prevent him from prosecuting [a] case with the full vigor he wishes to prosecute it, he is free to choose to dismiss it voluntarily and bring it at a later date." *Williams v. Berge*, No. 02-CV-10, 2002 WL 32350026, at *8 (W.D. Wis. Apr. 30, 2002).

While the Court will not permit Plaintiff to access his release account for the entirety of his appellate filing fee, or other litigation costs, it will grant Plaintiff permission to use funds from that account solely for the purpose of paying the initial partial filing fee.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to proceed without prepayment of the filing fee on appeal, ECF No. 143, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's duplicative motion to proceed without prepayment of the filing fee on appeal, ECF No. 142, be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that on or before **August 6, 2026**, Plaintiff shall forward to the Clerk of Court the sum of $84.36 as the initial partial filing fee in this appeal; Plaintiff's failure to comply with this order may result in dismissal of this appeal; The payment shall be clearly identified by the case name and number assigned to this action;

**IT IS FURTHER ORDERED** that Plaintiff's motion to pay the initial partial filing fee from his release account, ECF No. 141, be and the same is hereby **GRANTED**; Plaintiff may use his release account funds only to pay the $84.36 initial partial filing fee in this case;

**IT IS FURTHER ORDERED** that after the initial filing fee has been paid, the agency having custody of the prisoner shall collect from his

institution trust account the balance of the $605.00 filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the prisoner is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with the prisoner's remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where the inmate is confined; and

**IT IS FURTHER ORDERED** that a copy of this order be electronically provided to PLRA Attorney, United States Court of Appeals for the Seventh Circuit, through the court's electronic case filing system.

Dated at Milwaukee, Wisconsin, this 6th day of July, 2026.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge